UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

D. LAIRD

VERSUS

CONSTITUTIONAL HOTEL, LLC ET AL.

CIVIL ACTION

NO.  25-0350-JWD-SDJ

## ORDER

Before the Court is Plaintiff's *Motion to Dismiss* (Doc. 16), in which Plaintiff seeks voluntary dismissal, without prejudice, of Plaintiff's action against both Defendants: 1. Defendant Constitution Hotel, LLC has made no appearance; 2.  Defendant Choice Hotels International, LLC has filed a motion to dismiss for failure to state a claim (Doc. 16). The motion, however, does not state whether the other parties to this action consent to the filing and granting of such motion.[1]

---

[1] "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced . . . . Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. The plaintiff's right to a voluntary dismissal without prejudice is not absolute. Rather, dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court, and its order is reviewable only for abuse of discretion. When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases, a dismissal should be granted unless the defendant will suffer some legal harm. *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) . . . recited the law to be applied in this Circuit:
> (We) follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. (Emphasis in original).

It seems, therefore, that in ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976) (internal citations omitted).

"By its very language [Rule] 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.' Here the court has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court . . . . Rather than restricting the judicial function as is done under 41(a)(1), dismissals by the court on motion under 41(a)(2) plainly puts upon the court a definite duty to perform: to grant or deny the motion, and to establish 'such terms and conditions as the court deems proper' . . . . [C]ountless elements, traditionally called upon to underpin our concepts of reasonableness and fairness, g[o] into the

Accordingly,

**IT IS ORDERED** that the Plaintiff's *Motion to Dismiss* (Doc. 16) is **DENIED WITHOUT PREJUDICE**. Plaintiff may resubmit the *Motion to Dismiss* with a statement of the position of the other parties included in the motion.

Signed in Baton Rouge, Louisiana, on September 8, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

process of sound discretion of the trial court, as 41(a)(2) says, 'as the court deems proper.'" *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963) (footnote omitted).

In sum, the foregoing Fifth Circuit precedent supports that this Court may require a statement in the motion for voluntary dismissal stating whether the motion is being filed with or without the consent of the parties to better determine what interests are at stake and to fashion such conditions as are necessary to protect the legitimate interest of the non-movant. *See LeCompte*, 528 F.2d at 604.